IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIRSTIE L. BALCOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:10-CV-00256-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 32 years old at the time of the hearing before the ALJ and has an associate's degree in applied science.  (R. at 27)  The plaintiff's prior work experience includes work as a X-ray and pharmacy technician.[5]  Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of degenerative disc disease at L5-S1 with left radiculopaty secondary to disc protrusion; obesity; diabetes mellitus and depression disorder.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform modified light work.

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, she presents three claims for resolution by the court:

> 1.  Whether the ALJ failed to properly evaluate Ms. Balcom's Degenerative Disc Disease according to Listing 1.04.
>
> 2.  Whether the ALJ's finding that Ms. Balcom retains the residual functional capacity to perform modified light work is supported by substantial evidence.
>
> 3.  Whether the new and material evidence submitted to the Appeals Council warrants remand.

(Pl's Br., doc. # 12, at 1).

---

[5] In the discussion of the evidence which immediately follows the ALJ's residual functional capacity determination (R. at 14) the ALJ correctly notes that the plaintiff's past work was as an X-ray technician. *Id.* However, in his discussion at step 4 of the sequential evaluation, the ALJ incorrectly states in his opinion that the plaintiff's past relevant work includes work as a cashier/checker; general office clerk or desk clerk. (R. at 21) The only mention of these jobs was by the vocational expert who testified that under the ALJ's hypothetical question, a person could do these jobs which exist in the national economy. (R. at 41)

## IV. Discussion

Balcom contends she meets the requirements of Listing 1.04A, Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1 (Appendix 1).  That Listing provides as follows:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>    A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

In his opinion, the ALJ remarks that the plaintiff's impairments "cause significant limitation of  . . . [her] ability to perform basic activities of living and work." (R. at  13) Immediately thereafter, the ALJ finds that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." *Id.*  After setting forth his residual functional capacity conclusion, the ALJ launches into a description of the medical evidence of record. (R. at 14-20) As a prelude to this descriptive exercise, the ALJ recites that he

> has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(R. at 14)

Other than this boilerplate statement, there is no explanation for the ALJ's conclusion that the plaintiff does not meet the listing. The question for the court is whether this statement is sufficient. The Commissioner says it is and relies on *Hutchinson v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986), for the proposition that the ALJ is not required to mechanically recite the evidence leading to his determination about a Listing. Perhaps not, but that is not the problem here. The Commissioner's regulations require that a written decision contain several elements.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based*.

42 U.S.C. § 405(b)(1) (emphasis added).

The ALJ's written decision here is devoid of any statement of reasons why the plaintiff does not meet the Listing. This case is wholly unlike *Wilson v. Barnhart,* 284 F.3d 1219 (11th Cir. 2002), in which the court said

> In rejecting Wilson's claim of disability, however, the ALJ specifically stated that "the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment', but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." (emphasis added). The ALJ's determination constitutes evidence that he considered the combined effects of Wilson's impairments. *See Jones v. Dept. of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (holding that the following statement by an ALJ evidenced consideration of the combined effect of a claimant's impairments: while "[the claimant] has severe residuals of an injury to the left

6

> heel and multiple surgeries on that area, [the claimant does not have] an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." (emphasis removed)).

284 F.3d at 1224-1225.

First, there is absolutely no language in the ALJ's opinion which connects his recitation of the medical evidence to his Listing's conclusion. But much more importantly, there is a fundamental error in this case which completely undercuts any argument that the ALJ properly considered the medical evidence. Towards the end of his opinion, the ALJ says this.

> The undersigned assigns significant evidentiary weight to the opinion of the State Agency in Exhibit 15F, and assigns significant weight to the opinion of Douglas McKeown, Ph.D. Their opinions are well reasoned and supported by the evidence of record. The undersigned finds that claimant's depression is not severe to the extent that placing claimant at unskilled is necessary; however, the undersigned finds claimant can perform semi-skilled work, as he has in the past as a lab technician.

(R. at 21)

The problem with assigning great weight to the opinion of the state agency evaluator is two-fold. First, as the plaintiff points out, Exhibit 15F is residual functional capacity assessment which was filled out by a person who, as admitted by the Commissioner, is not a medical professional. But the Commissioner says any error was harmless because other evidence supports the ALJ's decision. It is not, and here is the second reason why.

The state agency residual functional capacity assessment was completed in 2006. In 2007, Dr. William McRae examined Balcom and made findings which the ALJ set forth in

his opinion. However, beyond the mere rote recitation of this and most of the other medical evidence, the ALJ never explains what weight he gave to it and why. An ALJ must state with particularity the weight given to different medical evidence and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). A statement that the ALJ carefully considered all the testimony and exhibits is not sufficient. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Without an explanation of the weight accorded by the ALJ to the various medical opinions and evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Id*. That is especially true here where the ALJ places "significant evidentiary weight" on the opinion of someone who is not a medical professional and who did *not have before her* all of the medical records of the plaintiff. It is absurd to place significant evidentiary weight on the opinion of someone who did not have all of the plaintiff's evidence. On remand, the ALJ must explicitly state with respect to *all* of the medical evidence the weight given to it and the reasons for the conclusions.

For these very same reasons, the court is unable to determine whether the ALJ's residual functional capacity determination is supported by substantial evidence. And, since this case must be remanded, the plaintiff will have an opportunity to present updated evidence to the ALJ, including the evidence submitted to the Appeals Council.

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion. It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008). A separate final judgment will be entered.

Done this 15th day of August, 2011.

                                                 /s/Charles S. Coody
                                                 CHARLES S. COODY
                                                 UNITED STATES MAGISTRATE JUDGE